■ Jeanne Jeras, as Administratrix of the Estate of Paul A. Jeras, Deceased, Respondent, v East Manufacturing Corp. et al., Respondents, et al., Defendants. East Manufacturing Corp., Third-Party Plaintiff-Respondent, v American Stevedoring Corporation, Third-Party Defendant-Appellant. Hugh Cole Construction, Ltd., et al., Third-Party Plaintiffs-Respondents, v American Stevedoring Corporation, Third-Party Defendant-Appellant.—Order unanimously reversed on the law with costs and motion granted. Memorandum: Third-party defendant, American Stevedoring Corporation, appeals from an order denying its motion for summary judgment dismissing the third-party complaints.

The administratrix of the estate of Paul Jeras brought this action against defendants and third-party plaintiffs, among others, for the wrongful death of Paul Jeras, who died when the tractor trailer he was driving turned over and crashed. At the time of his death, Jeras was an employee of the third-party defendant, American Stevedoring, a labor contractor, who leased decedent's services to defendant Newco Waste System, and he was engaged in hauling waste for Newco.

In their third-party complaints and bills of particulars the third-party plaintiffs allege that third-party defendant, American Stevedoring, was negligent in not providing Newco with a competent driver and in failing to properly train and supervise him, all of which resulted in Jeras' death. In its moving

papers on the motion for summary judgment, American Stevedoring submitted evidence that, before it hired Jeras, it ascertained that he possessed a class 1 operator's license issued by the State of New York which qualified him to operate the type of tractor trailer he was driving. Before he received his license, Jeras had passed a written test and a road test given by the State Department of Motor Vehicles. His operator's license shows that he had no convictions for improper driving.

In opposition to the motion, third-party plaintiffs submitted no evidence showing that Jeras was incompetent or that he had, at any time before the accident that caused his death, engaged in any improper or negligent driving. Instead, third-party plaintiffs argue that the occurrence of the accident is proof of Jeras' incompetency to drive. We disagree. Even a competent driver may act negligently on occasion. Third-party plaintiffs' argument that American Stevedoring's failure to train Jeras and to supervise his day-to-day activities caused the accident is based on speculation and is not sufficient to raise a question of fact for submission to the jury. In short, third-party defendant, American Stevedoring, has submitted proof showing that it was not negligent in employing plaintiff, Jeras, and, since the third-party plaintiffs have failed to oppose the motion with proof to the contrary, American Stevedoring's motion for summary judgment dismissing the third-party complaint should have been granted *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from order of Supreme Court, Niagara County, Mintz, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Davis, JJ.